**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Harry Lefferts, et al., Plaintiffs
v.
Daniel Hahn, et al., Defendants

**Case No. 6:24-cv-03305-SRB**

**COMBINED MOTION TO QUASH OR DISMISS SUBPOENA AND FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 45(d)(3)**

## I. INTRODUCTION

Thomas Hahn, a non-party to this action, respectfully moves the Court for an order quashing and dismissing the subpoena issued to him on November 26, 2025. The subpoena is overreaching, harassing, and unsupported by any factual nexus to the claims in this action. It seeks extensive personal, financial, and communicative information regarding Defendant Daniel J. Hahn, despite the fact that Thomas Hahn possesses no information relevant to this case.

In addition, a bankruptcy petition has been filed for Defendant Daniel J. Hahn and Marine Distributors, Case No. 24-06051, triggering the automatic stay pursuant to 11 U.S.C. § 362. The subpoena improperly attempts to continue discovery related to estate matters in direct violation of the automatic stay.

## II. FACTUAL BACKGROUND

1. On or about November 26, 2025, Plaintiffs caused a subpoena to be issued to Thomas Hahn.
2. Thomas Hahn is not a party to the underlying litigation.
3. The subpoena seeks documents and information spanning five (5) years, including personal communications, financial information, property information, and third-party relationships.
4. Thomas Hahn conducted a diligent search and determined that no responsive documents exist.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 45(d)(3)(A), the Court must quash or modify a subpoena that subjects a person to undue burden or seeks irrelevant information. Courts afford heightened protection to non-parties, particularly where discovery is speculative or intrusive.

## IV. ARGUMENT

### A. The Subpoena Is Overreaching and Harassing
The subpoena is clearly overreaching and serves no legitimate discovery purpose. Thomas Hahn possesses no bank records, no ownership interest, and no involvement in any business operations, transactions, or accounts of Daniel J. Hahn or Marine Distributors. He is a retired firefighter and licensed realtor and has never been involved in the affairs of Mr. Hahn's businesses.

### B. The Requested Information Is Irrelevant and Not in the Movant's Possession
The subpoena seeks information that does not exist and is not within the possession, custody, or control of the Movant. Rule 45 does not require production of nonexistent documents.

Docusign Envelope ID: 40199E39-0331-48AD-AEF0-9A61A79AF8ED

### C. The Subpoena Violates the Bankruptcy Automatic Stay

Because discovery efforts relating to Daniel J. Hahn and Marine Distributors are stayed under 11 U.S.C. § 362, the subpoena is void and unenforceable as a matter of law.

### D. Sanctions Warning

Continued discovery efforts in violation of Fed. R. Civ. P. 45 and the automatic stay may subject the issuing party to sanctions pursuant to 11 U.S.C. § 362(k), including actual damages, attorney's fees, and punitive damages where appropriate.

## V. RELIEF REQUESTED

WHEREFORE, Thomas Hahn respectfully requests that the Court quash and dismiss the subpoena in its entirety, issue a protective order barring further discovery requests of this nature, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Signed by:

*Thomas Hahn*

A539F43EAD59486...

1/9/2026 | 5:58 AM MST

Thomas Hahn
Non-Party Movant (Pro Se)