# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

MANEKA CORPORATION, INC., et al.,    )
    )
    Plaintiffs,    )
    )
v.    )    Case No. 24-03305-CV-SRB
    )
DANIEL J. HAHN, et al.,    )
    )
    Defendants.    )

## ORDER

Before the Court is *pro se* Defendant Daniel Hahn's ("Hahn") Motion to Dismiss or, in the alternative, to Stay Proceedings Due to Automatic Bankruptcy Stay. (Doc. #146.) Upon review, the motion is DENIED.

In his motion, Hahn states that he is "a debtor in active bankruptcy proceedings, Case No. 24-064051" and that the "bankruptcy filing predates or encompasses the claims asserted in this action." (Doc. #146, p. 2.) As such, Hahn argues that the bankruptcy automatic stay imposed by 11 U.S.C. § 362 requires the Court to "dismiss this action without prejudice" or "stay all proceedings, including discovery and subpoena enforcement, pending resolution" of his bankruptcy case. (Doc. #146, p. 2.) Plaintiffs oppose Hahn's motion, and argue that he "received a discharge of his Chapter 7 case on August 5, 2024, and the automatic stay terminated by operation of law under § 362(c)(2) months before this action was filed." (Doc. #174, p. 2.) Hahn's reply was due on March 19, 2026, and nothing was filed. Upon review, the Court agrees with Plaintiffs.

Although Hahn did not identify the location of his bankruptcy proceedings, Plaintiffs provide that Hahn filed for Chapter 7 bankruptcy on April 24, 2024, in the Northern District of

Illinois, Case No. 24-06051.[1]  The docket in that matter confirms that Hahn received a discharge pursuant to 11 U.S.C. § 727 on August 5, 2024.  *See* (Doc. #24 in Case No. 24-06051).

Hahn's reliance on the automatic stay is misplaced.  By statute, the automatic stay only continues until the earliest of several specified events, including "the time a discharge is granted or denied."  11 U.S.C. § 362(c)(2)(C).  Therefore, upon the entry of discharge on August 5, 2024, the automatic stay was terminated.  Because no stay remained in effect at the time this action was filed in November 2024, § 362 affords Hahn no basis for the relief he seeks.

In light of this conclusion, and because Hahn's motion rests entirely on the asserted applicability of the automatic stay, the Court declines to address Plaintiffs' remaining arguments.  Hahn's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2026

---

[1] Courts may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).